996 F.2d 1236
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
J. Richard WAGNER, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Respondent.
 No. 92-3123.
 United States Court of Appeals, Federal Circuit.
 May 18, 1993.
 
 Before NEWMAN, CLEVENGER, and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 J. Richard Wagner appeals the Merit Systems Protection Board's dismissal of Docket No. DC122191W0549 for lack of jurisdiction. Because Mr. Wagner did not show that the agency took any "personnel actions" against him, 5 C.F.R. § 1209.4(a) (1993), this court affirms.
 
 OPINION
 
 2
 Mr. Wagner was a criminal investigator employed in the Office of Inspector General (OIG) at the Environmental Protection Agency (EPA). EPA did not invite Mr. Wagner to a "Total Quality Management" program or a management meeting at the OIG. He asserts that he was excluded from these meetings due to his whistleblowing. Thus, he seeks remedy for a violation of the Whistleblower Protection Act of 1989 (WPA), Pub.L. No. 101-12, § 5, 103 Stat. 16 (1989) (codified at 5 U.S.C. § 2302(b) (1993)). The administrative judge dismissed Mr. Wagner's appeal for lack of jurisdiction because exclusion from a meeting is not a "personnel action" within the meaning of 5 C.F.R. § 1209.4(a) (1993).
 
 
 3
 This court sustains a Board decision unless: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). The MSPB properly found that Mr. Wagner could appeal under 5 C.F.R. § 1209.2(b)(1) (1993) if he shows that the agency took a personnel action as set forth in 5 C.F.R. § 1209.4(a). The exclusion of Mr. Wagner from the meeting and training program, however, does not constitute a personnel action unless it reasonably can be expected to affect his performance evaluation, promotion, or other personnel action under section 1209.4(a)(9) (1993).
 
 
 4
 Mr. Wagner did not show that the exclusion met those criteria. As found by the administrative judge, "the appellant presented no evidence that might suggest that the matters he raised affected his performance evaluation, promotion, or any other personnel action." Thus exclusion from the meetings was not an appealable personnel action. Appellant simply did not show that missing these meetings would reasonably affect his evaluation or promotion. Thus, the administrative judge properly found his allegation "tenuous at best."
 
 
 5
 Mr. Wagner presents a novel argument that EPA's preclusion of his training was part of a pattern of exclusion. This court does not rule out the chance that the cumulative effect of several agency actions, not separately rising to the level of a personnel action, might show a pattern of harassment in retaliation for whistleblowing. However, this record does not show such a pattern.
 
 
 6
 The MSPB determined that Mr. Wagner did not present a personnel action. This record discloses no abuse of discretion or action unsupported by the evidence. This court therefore affirms.